IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LIGHTSPEED MEDIA CORPORATION | CASE NO.: 10 C 5604 |
| Plaintiff, | |
| v. | Judge: Blanche M. Manning |
| | Magistrate Judge: Morton Denlow |
| DOES 1 – 100 | |
| Defendants. | EXPEDITED HEARING REQUESTED |

*M.P.*

~~PROPOSED~~ ORDER GRANTING PLAINTIFF'S *EX PARTE* MOTION
FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26(f) CONFERENCE

The Court has reviewed all the papers filed in connection with the Plaintiff's *Ex Parte* Motion for Leave to Take Discovery Prior to Rule 26(f) Conference ("Motion"), and considered the sworn declaration and issues raised therein, including the relevant privacy issues and the unique aspects of BitTorrent protocol-based copyright infringement.

ORDERED that Plaintiff's *Ex Parte* Motion for Leave to Take Discovery Prior to Rule 26(f) Conference is granted; it is further

ORDRED that Plaintiff is allowed to serve immediate discovery on the Internet service providers (ISPs) listed in <u>Exhibit A</u> to the Complaint filed in this matter to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Defendant, including name, current (and permanent) addresses, telephone numbers, e-mail addresses, and Media Access Control addresses; it is further

ORDERED that the Plaintiff may serve immediate discovery on any ISP identified by the same means detailed in the Declaration and Motion, or identified as providing network access or online services to one or more Doe Defendants, by an ISP upon whom a Rule 45 subpoena is served, for which an infringing download has been identified by individual IP address together with the date and time access to a torrent swarm by such IP address was made for the purpose of downloading an unlawful copy of the Plaintiff's copyrighted creative works. Such Rule 45 subpoena shall seek information sufficient to identify each Doe Defendant, including his or her name, current (and permanent) addresses, telephone number, e-mail address, and Media Access Control Address; it is further

ORDERED that Plaintiff is allowed to serve a Rule 45 subpoena in the same manner as above to any ISP that is identified in response to a subpoena as a provider of Internet services to one of the Doe Defendants; it is further

ORDERED any information disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting Plaintiff's rights as set forth in its Complaint; it is further

ORDERED any ISP which receives a subpoena shall not assess any charge to the Plaintiff in advance of providing the information requested in the Rule 45 subpoena or for IP addresses which are not controlled by such ISP, duplicate IP addresses that resolve to the same individual, other IP addresses that do not provide the name and other information requested of a unique individual, or for the ISP's internal costs to notify its customers; it is further

ORDERED that any ISP which receives a subpoena and elects to charge for the costs of production shall provide a billing summary and any cost reports that serve as a basis for such billing summary and any costs claimed by such ISP; it is further

ORDERED that if the ISP and/or any Defendant wish to move to quash the subpoena, the party must do so before the return date of the subpoena, which shall be 30 days from the date of service; it is further

ORDERED that the ISP shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash; and it is further

ORDERED that Plaintiff shall provide each ISP with a copy of this Order.

Dated: September 15, 2010

_____
United States ~~District~~ Magistrate Judge