UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

**FILED**

MAR 29 2011
MAR 29 2011
MICHAEL W. DOBBINS
CLERK U S DISTRICT COURT

| | | |
|---|---|---|
| LIGHTSPEED MEDIA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:10-cv-05604 |
| | ) | Judge Blanche Manning |
| JOHN DOE IP 71.90.68.152 | ) | Magistrate Judge Morton Denlow |
| Defendant | ) | |
| _____ | ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTIONS**

The Plaintiff argues that this Court should deny the Defendant's motion to quash because the First Amendment provides no license for copyright infringement. The Plaintiff also argues that this Court should apply the *Sony Music* test instead of the *Dendrite* test. The Plaintiff suggests that the Defendant has not met his burden in overcoming the presumption of openness in judicial proceedings; and the Plaintiff argues that while personal jurisdiction may exist over the Defendant, any such consideration is premature.

1

## ARGUMENT

The Defendant has at no point advanced the argument that the First Amendment provides a license for copyright infringement; instead, the Defendant has very clearly argued that First Amendment protections of anonymous speech are subject to qualified privilege, a privilege which may not be breached absent a particularized showing of evidence that supports a claim of actionable misconduct.

Contrary to the Plaintiff's assertion, the Defendant did not, in fact, argue that this Court should apply the *Dendrite* test; the Defendant instead held that because this action, with respect to this Doe, would not survive a motion to dismiss for lack of personal jurisdiction, the extant subpoena, with respect to this Doe, should be quashed accordingly.

This being said, a brief examination of the legal standards surrounding the various balancing tests suggests that this Court might more properly adopt the *Dendrite* test; or a test derived thereof; but that such considerations may ultimately prove unnecessary in light of certain factors of greater immediacy.

The Defendant will consolidate his rebuttal of the Plaintiff's arguments concerning personal jurisdiction into a broader examination of the myriad procedural deficiencies that argue for this action's dismissal. Citing as a persuasive authority a colleague of this Court, the Defendant will demonstrate why the vast majority of defendants, including this Doe, should be dismissed under Rule 12(b)(2); why this action should be dismissed under Rule 12(b)(3); and that parties were impermissibly joined under Rule 20(a)(2)(a) and so pursuant to Rule 21, and notwithstanding the foregoing deficiencies, all defendants that were not a member of the same swarm as John Doe #1 should be severed from this action.

Finally, the Defendant will address the points raised by the Plaintiff regarding the privilege of proceeding pseudonymously, and will examine the unique set of circumstances that argue for pseudonymity in this case.

## IN DEFENSE OF QUALIFIED PRIVILEGE

The Plaintiff seems to be laboring under a misapprehension. Far from claiming that the First Amendment provides a "license for copyright infringement," the Defendant has instead asserted that the right to engage in anonymous speech is a well-settled aspect of the freedom of speech protected by the First Amendment; and that any effort to use the power of the court to breach this protection is subject to a qualified privilege. That the Plaintiff has chosen to proceed as though a finding of copyright infringement is a fait accompli is of no moment; the purpose of the suggested procedural safeguards is to protect the identity of individuals participating in nonactionable anonymous speech [1]. It must fall to the court, then, to determine whether the litigant has met the burden of establishing that an individual's conduct was actionable; and it is in the service of this principle that the courts have articulated the various balancing tests.

## IN SEARCH OF AN APPROPRIATE BALANCING TEST

In light of the observation that the Defendant never actually advanced *Dendrite* as the authoritative balancing test, the Plaintiff's immediate and vociferous objection to the mere mention of the test suggests that a more thorough examination might be prudent.

The Plaintiff argues that *Dendrite*, a state court test, has never been applied by federal courts in this circuit. Courts in this circuit have, however, applied the "motion to dismiss" standard, articulated in *Columbia Ins. Co. v Seescandy.com* by the Northern District of California District Court; in fact, the Plaintiff relies heavily on the "motion to dismiss" standard in the Plaintiff's memorandum in support of an ex parte discovery motion (Dkt# 6). This is not without irony, then, as the Northern District of California later held that the "motion to dismiss" standard afforded insufficient protections to anonymous speech -- before adopting several of the core precepts of the *Dendrite* test (most notably the requirement that the plaintiff must "adduce, before discovery, competent evidence that addresses *all* of the inferences of fact" and that the evidence must, if unrebutted, "tend to support a finding of each fact that is essential to

3

a given cause of action." *See Highfields Capital Management v. Doe, 385 F.Supp.2d 969 (N.D. Cal. 2005).*

Moreover, the HCM court observed that the "motion to dismiss" standard's requirement that the plaintiff must "make some showing that an act giving rise to liability actually occurred" was substantively equivalent to *Sony Music's* requirement that the plaintiff must make a "concrete showing of a prima facie claim of actionable harm." In considering the force of the precedential case authority (and "especially the Dendrite opinion"), the court opted to articulate a streamlined version of the *Dendrite* test that superseded the "motion to dismiss" standard and that substantively incorporated the 3rd and 4th prongs of the *Dendrite* test. *Id.* Thus, in superseding the "motion to dismiss" standard as affording insufficient protection to anonymous speech, the HCM court was also implicitly rejecting the *Sony Music* test.

The Plaintiff also mischaracterizes the disposition of Mason v. Ottawa Publishing. Contrary to the Plaintiff's claim, the appellate court did not expressly reject the standard; instead, in a 2-1 split decision, the majority held that the application of a First Amendment test per Cahill/Dendrite was unnecessary in Illinois because Rule 224 provided trial courts with "sufficient tools and discretion to protect any anonymous individual from any improper inquiry into his or her identity." *See Maxon v. Ottawa Pub. Co., 929 NE 2d 666, 2010 WL 2245065 (Ill.App. 3d Dist. June 1, 2010).*

Finally, the Plaintiff offers no rationale as to why the *Sony Music* test, having also never been applied by federal courts in this circuit, is the more appropriate test.


## PARTICULARIZED EVIDENCE UNDER THE DENDRITE AND SONY MUSIC TESTS


The Defendant notes that in the Plaintiff's Opp. memorandum to Beau Rodgers (Dkt #45), the Plaintiff states:


After concluding discovery, Lightspeed will be able to demonstrate in excruciating detail who uploaded or downloaded what packet of copyrighted files to and from Illinois.

From this statement, the Court must infer that the Plaintiff is already in possession of particularized evidence with respect to each IP address; and as the scope of the discovery order is limited to personally identifiable information [2], the Plaintiff need not complete discovery before making this showing. Indeed, without this showing, the Plaintiff has satisfied neither the third prong of the *Dendrite* test (sufficient evidence supporting each element of its cause) nor the first prong of the *Sony Music* test (concrete showing of a prima facie claim of actionable harm) and should therefore not be entitled to discovery.

### PERSUASIVE AUTHORITY FROM A COLLEAGUE OF THE COURT

The Defendant notes that Counsel for the Plaintiff [John Steele] has filed nine mass John Doe cases in this district (hereinafter 'sister cases'); as well as reverse class-action Doe cases in the Central and Southern districts, against a total of 9,339 unnamed defendants (see Exhibit B). The sister cases, all filed in the Northern District of Illinois, are substantively identical with substantively identical complaints. Of particular interest is 1:10-cv-06255, CP v. Does, before the Hon. Milton Shadur. In the CP case as in the instant case, an initial ex parte discovery order was issued last year and subpoenas were duly served to the various ISPs. In the CP case, however, after no named defendants had been served within the time prescribed under Rule 4(m), Judge Shadur dismissed the action without prejudice pursuant to Rule 4(m), while suggesting that the action was not an appropriate vehicle for accomplishing the goal stated in the complaint and with a notification that no motion for reconsideration would be entertained absent an appropriate showing of justification (1:10-cv-06255, Dkt #27). Plaintiff filed for reconsideration the next day, and the motion was entered and continued.

However, on 02/24/2011, after receiving a motion to quash from a Doe defendant, Judge Shadur issued a *sua sponte* memorandum opinion and order (1:10-cv-06255, Dkt #32), denying the plaintiff's motion for reconsideration (here attached as Exhibit D). In this memorandum opinion, Judge Shadur identified three difficulties that argued for dismissal: lack of personal jurisdiction, impermissive joinder, and improper venue. As the memorandum

5

opinion does not fully explore the rationale for these findings, with the Court's forbearance, the Defendant will examine the probable reasoning behind Judge Shadur's conclusions and demonstrate that the instant case suffers from precisely the same defects.

### PLAINTIFF'S ANALYSIS OF THE PERSONAL JURISDICTION QUESTION IS INCOMPLETE

In the memorandum opinion, Judge Shadur states:

> [T]here is no justification for dragging into an Illinois federal court, on a wholesale basis, a host of unnamed defendants over whom personal jurisdiction clearly does not exist and--more importantly--as to whom CP's counsel [John Steele] could readily have ascertained that fact.

The Defendant will herein demonstrate why personal jurisdiction does not exist for the vast majority of defendants (940 -- see Exhibit A and forthcoming discussion on venue). In the Plaintiff's Opp. (Dkt #49), the Plaintiff outlines two elements which must be satisfied when establishing a prima facie case for personal jurisdiction in a federal question case: comportment with the due process clause of the Fifth Amendment and amenability to service of process.

To dispose quickly of the first point, the Defendant agrees that as residents of the United States (in the case of this Doe, the state of Wisconsin), all defendants have sufficient contacts with the United States to satisfy the due process clause of the Fifth Amendment.

Turning to the second point, as the Copyright Act does not authorize nationwide service of process, the Plaintiff argues that the Defendant is amenable to service of process under the Illinois long-arm statute, 735 ILCS 5/2-209. However, the Plaintiff's analysis of the scope and limitations of the long-arm statute as it applies to federal question cases is incomplete.

The Plaintiff begins with an examination of 735 ILCS 5/2-209(a)(2), which establishes personal jurisdiction over nonresidents where claims arise from the commission of a tortious act in the state of Illinois. Here, the Defendant can identify two potential *situs* with respect to this

Doe; the state of Wisconsin, where the alleged initial wrong of copyright infringement occurred; or the state of Arizona, where the Plaintiff allegedly suffered tortious injury. A third possible *situs* might have been Illinois, if the Plaintiff were to have argued that the Plaintiff suffered economic injury in the state of Illinois. The Plaintiff did not advance this argument, however, and it is of no moment, as the Seventh Circuit has held that "[a]n economic injury, by itself, is too remote from the defendant's misconduct to support the conclusion that a tortious act was committed in Illinois." *See Turnock v Cope, 816 F.2d 332.* With respect to 5/2-209(a)(2), it is not clear from the Plaintiff's arguments why the Plaintiff has chosen to involve an Illinois district court in this matter.

The Defendant will not belabor this point, however, as the Illinois long-arm statute also includes a "catch-all" provision, which authorizes service on any basis permitted by the Illinois Constitution and the Constitution of the United States.

Here, however, the Plaintiff's analysis may be seen to be incomplete. As the basis for jurisdiction in this case arises not from a federal statute but from a state statute, when establishing whether a defendant is amenable to service, the constitutional limits of due process must again be considered, but as derived from the Fourteenth Amendment and not the Fifth Amendment. *See RAR, 107 F.3d at 1277.* Note that while a state might seek to exercise either general or specific personal jurisdiction over an individual, in responding to this Defendant's challenge to personal jurisdiction, the Plaintiff argues only for specific personal jurisdiction arising under the state's long-arm statute. And, as the Plaintiff has never alleged any continuous or systematic contact between this Defendant and this forum, the Plaintiff has waived any general jurisdiction argument. *See Giotis v. Apollo of the Ozarks, Inc., 800 F.2d 660, 663 (7th Cir. 1986).*

Confining the inquiry to specific jurisdiction, then, the court "must decide whether a defendant has 'purposely established minimum contacts with the forum State' and consider whether, by traditional standards, those contacts would make personal jurisdiction reasonable and fair under the circumstances." *See RAR, 107 F.3d at 1277 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476-77, 105 S. Ct. 2174, 85 L. Ed. 2d 528, (1985)) and generally International Shoe 326 U.S.* Central to this analysis is a finding that the defendant could reasonably anticipate being haled into court in the forum state. *Id.* Such reasonable anticipation could be demonstrated by establishing that the defendant "purposefully avails itself

of the privilege of conducting activities within the forum State, thereby invoking the benefits and protections of the forum's laws". *Id.* The court elaborated by saying that the "purposeful availment" requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of "random," "fortuitous," or "attenuated" contacts, or of the "unilateral activity of another party or a third person." *Id.* Moreover, the only prior contacts that may be seen as relevant to the specific jurisdiction inquiry are those contacts that "either bear on the substantive legal dispute between the parties or relate to the operative facts of the case." *See Goldfarb, 565 F.3d at 1024.*

In the instant case, the only alleged contacts this Doe had with this district were the uploading and downloading of certain packets of copyrighted material to an individual in Illinois. Under International Shoe and its progeny, these alleged contacts would not rise to the level of "minimum contacts", as the highly attenuated nature of the contacts (see forthcoming discussion of the "express aiming test", 2nd prong, for additional insight into why these contacts are so highly attenuated) and absence of purposeful availment would preclude an individual from reasonably anticipating that he or she might be haled into the forum court. It is critical to note that due to the distributed nature of a BitTorrent swarm, an individual does not download or upload from any one person (i.e., an individual from California does not download a file from an individual in New York), but rather an individual downloads small blocks from all members of a swarm – and as is discussed in the forthcoming section on venue (and as seen in Exhibit A), fully 94% of the individuals in the swarms hail from outside the state of Illinois.

The Plaintiff's action also fails the "express aiming test", as articulated by the Supreme Court in Calder v. Jones, which may be used by courts to assert jurisdiction where no minimum contacts exist. The test, which has found favor with the Seventh Circuit on multiple occasions *(see, e.g., Tamburo v. Dworkin, 7th Cir. 2010; uBid v. GoDaddy, 7th Cir. 2010; Mobile Anesthesiologists Chicago LLC v. Anesthesia Associates of Houston, 7th Cir. 2010),* holds that purposeful direction sufficient to assert jurisdiction requires (a) an intentional action, (b) expressly aimed at the forum state, with (c) knowledge that the brunt of the injury would be suffered in the forum state.

a.) While copyright infringement under the Copyright Act constitutes a strict liability tort, intent is still relevant to an analysis of purposeful direction. This is left unresolved because;

b.) It would take an impermissible stretch of the normal meaning of language to argue that defendants expressly targeted the forum state with their allegedly tortious activities. Once a BitTorrent swarm is joined, peer and seed selection occurs programmatically [3], and user intervention is neither required nor accepted. It would be beyond disingenuous to suggest that a participant in a swarm has any idea where his or her packets are being routed (which are routed in accordance with the routing policies of the various Internet Service Providers, a process over which the participant has no control).

c.) Even if the act were found to be expressly aimed, the brunt of the alleged injury would be felt in Arizona; if anything, this would seem to argue for jurisdiction in Arizona and not Illinois.

Thus, as the Defendant is not amenable to service under the Illinois long-arm statute and as amenability to service is a prerequisite of an exercise of personal jurisdiction, consideration of personal jurisdiction is not premature.

### PARTIES WERE IMPERMISSIBLY JOINED UNDER RULE 20(A)(2)(A)

Judge Shadur continues:

> Moreover, if the 300 unnamed defendants have in fact infringed any CP copyrights (something that this Court will assume to be the case, given the Complaint's allegations that so state), each of those infringements was separate and apart from the others. No predicate has been shown for thus combining 300 separate actions on the cheap--if CP had sued the 300 claimed infringers separately for their discrete infringements, the filing fees alone would have aggregated $105,000 rather than $350.

Returning to the instant case, the Defendant will not argue against individual joinder at this time, as the the Plaintiff would in any event dismiss such considerations as premature. Instead, the Defendant will highlight a critical flaw in the Plaintiff's complaint that will establish that parties were impermissibly joined in this action.

Referring to Exhibit A from the Plaintiff's complaint (Dkt #21-1), we may see that no fewer than 11 unique filenames are listed (See Exhibit C, where all duplicate filenames have been eliminated). This is a crucial observation, as per the BitTorrent protocol [3], each swarm is unique to the file being shared (the Plaintiff says the same in ¶11 of the complaint, seemingly without realizing the effect it might have on the Plaintiff's cause of action). Thus, if we assume the allegations of copyright infringement to be true, there were 11 unique, discrete, and unconnected swarms; this is an inescapable conclusion of protocol implementation and is not open to interpretation. Thus, even if consideration of individual joinder is held to be premature, there can be no predicate for joining the defendants from 11 discrete swarms, for whom there cannot be said to exist a joint transaction, occurrence or series of transactions or occurrences -- indeed, any relation at all save that all the files were ostensibly under copyright with the same corporation. The Plaintiff purports to be advancing the interests of judicial economy, but as the aggregate case filing fees would total at least $3,850 for per-swarm joinder, or $350,000 for individual actions, the Court must consider in whose economic interests the Plaintiff is acting.

## VENUE IN THIS ACTION IS DEMONSTRABLY IMPROPER

Judge Shadur finishes with an analysis of venue:

> As if [lack of personal jurisdiction and impermissive joinder] were not enough to call for dismissal (and they are), CP's placement of venue in this judicial district is more than suspect. CP itself is an Arizona-based Arizona corporation, and Complaint ¶7 is totally (and unpersuasively) speculative in its assertions as to venue regarding the "Doe" defendants (see 28 U.S.C. §1391(b)).

In the instant case, the Plaintiff asserts, on information and belief, that venue is proper under § 1391(b) and/or § 1400(a). In fact, it may be demonstrated that venue is not proper under either section.

The Defendant notes that Lightspeed Media is an Arizona-based Arizona corporation, and submits that the forthcoming showing will remand any discussion of venue from the domain of unfounded speculation to the domain of dispositive fact.

Note that while the Defendant was initially disinclined to perform an analysis which should have been undertaken by the Plaintiff prior to the suit being filed, the Defendant has nevertheless elected to do just that. The Defendant asks the Court to contrast the detailed analysis which follows with the speculative, conclusory claims regarding venue found in the Amended Complaint and consider whether the Plaintiff failed to exercise reasonable due diligence before bringing suit in this district. The Court should also note that Counsel for the Plaintiff is familiar with geolocation technologies and has endorsed their use in 2:11-cv-02068-HAB -DGB VPR Internationale v Does 1-1017, in the Central District of Illinois; Counsel for the Plaintiff cannot credibly claim ignorance.

## METHODOLOGY

With a simple programmatic approach utilizing the ubiquitous MaxMind GeoIP geolocation database [4], it may be demonstrated that only 60 of the 1000 IPs listed (or just 6%) are allocated for use in the state of Illinois. While geolocation heuristics incorporate a degree of uncertainty, the GeoIP database has been shown to exhibit an accuracy rate at or above 90% (State resolution) [5]. The Defendant notes that when testing a stratified sample of the solved dataset against ARIN and DNS records (and where ambiguity arose, relying on inferred geographic proximity given known adjacent network hops), no misclassifications were

encountered. Please refer to Exhibit A for a complete listing of IP-State pairs as well as relevant summary statistics.

Thus, for venue to be proper under § 1391(b), the action must be brought in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State,

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or

> (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

1.) As discussed above (and as seen in Exhibit A), § 1391(b)(1) clearly does not apply.

2.) Neither can § 1391(b)(2) be said to apply. As discussed in the original motion to quash (Dkt #37) and as conceded by the Plaintiff in the Amended Complaint ¶10-14, due to the decentralized and distributed nature of the BitTorrent protocol, it would be impossible to experimentally observe whether a substantial part of the events giving rise to the claim occurred in this district. However, we need not rely on observation to dispose of this point; per the BitTorrent protocol specification, block selection is governed by a "rarest blocks first" algorithm, with blocks being released in randomized order; this algorithm ensures uniform block distribution among peers in the swarm [3]. Therefore, if we assume that the infringement allegations are true, then given the uniform block distributions among the geographically diverse constituents of the swarms (noting that 94% of the constituents reside outside the state of Illinois), the protocol itself tells us that a substantial part of the events giving rise to the claim did NOT occur in this judicial jurisdiction (where at most 6% of the IPs reside).

3.) Finally, neither does § 1391(b)(3) apply, as such a district certainly exists; this action could have properly been brought under § 1391(c), in the District Court for the District of Arizona, where Lightspeed Media is incorporated and where LSM conducts its primary business.

Turning briefly to § 1400, Congress has held that under § 1400 and in the case of multiple defendants, in order for venue to be proper, venue must be proper for all defendants (the *group*). See, e.g., House Report 110-314, Committee Reports, 110th Congress [6] [concluding that venue would revert to the existing § 1391]. Given the diversity of citizenship present in this action, venue under § 1400(a) is clearly improper; and because venue is also improper under § 1391(b), venue in this case is improper.

The Defendant notes that this issue is being raised in the early stages of this litigation and should be considered timely per § 1406(b).

### A NARROW CASE FOR PSEUDONYMITY

The Plaintiff argues that the Defendant has not met his burden in overcoming the presumption of openness in judicial proceedings. The Defendant counters that the Plaintiff has not met his burden in pleading sufficient facts to justify the irrevocable act of unmasking an anonymous speaker; and that to require the Defendant to unmask himself prior to the adjudication of the privacy claim is to inflict upon the Defendant the very injury that the Defendant, by this challenge, is seeking to avoid.

To directly address several of the points raised by the Plaintiff, the Defendant did not suggest that the the concern for non-disclosure might be alleviated at some future date; instead, the Defendant indicated that at such a time as the Plaintiff succeeds with his discovery, the issue of the Defendant proceeding under a pseudonym shall be rendered moot.

The Plaintiff's professed puzzlement notwithstanding, the Defendant also reiterates his position that the case -- *viz.*, the issues joined and the court's performance in resolving those issues -- is of manifest public interest.  Moreover, as the Doe v. Stegall court observed, "in contrast to the *de minimis* impact anonymity has on the interest in open courts stands the significant negative impact lack of anonymity has on the public's interest in seeing resolution on the merits."  The Defendant, thus far proceeding pseudonymously by the grace of this Court, has brought before the Court original research that, *inter alia*, dispositively establishes that venue in this case is improper.  The Defendant asks the Court to consider whether the identity of one defendant among one thousand, or the original research that this Defendant presents (and that the Plaintiff has thus far been remiss in bringing and that the Defendant could not have brought under his proper name without inflicting upon himself the very harm he is here seeking to avoid), is of the greater public interest.

Finally, as the Hon. Milton Shadur noted in a March 9th status hearing with Counsel for the Plaintiff John Steele (re: 1:10-cv-06255), "I don't see any justification at all for this action," continuing that facts in the action "were not as asserted" and adding that the case filings "did not really comply with the subjective and objective good faith requirement." [7]

As the Defendant has demonstrated, the instant case suffers from precisely the same defects and as a matter of sound public policy, an anonymous speaker should not be required to unmask himself (a harm which may not be undone) in an action that is not even properly before this Court.

## CONCLUSION

For the foregoing reasons, the Defendant respectfully requests that this court dismiss this action for improper venue; or in the alternative, dismiss this Defendant, and all 939 other nonresident defendants from this action for lack of personal jurisdiction; or in the alternative, sever from this action all defendants who were not a member of the same swarm as John Doe #1.

**FOOTNOTES**

[1] Consider the case of a hypothetical Doe, a casual legal observer and member of an online community dedicated to legal matters, who has been openly and sharply critical of the tactics employed by copyright enforcement outfits. Having come to the attention of a copyright outfit, and with that outfit recognizing that the individual's speech, while potentially harmful to the outfit's interests, does not constitute actionable conduct, the copyright outfit instead opts to join this individual to an on-going enforcement action with the object of "chilling" nonactionable anonymous speech. Absent certain procedural safeguards (e.g., a particularized showing of concrete evidence), such an individual could be unjustly deprived of his right to anonymous speech and could find himself exposed to harassment and intimidation despite being innocent of any actionable conduct.

[2] The only technical information requested is a MAC address. A MAC address is a link layer address that is only "visible" to other machines on the same logical network segment -- it is not propagated by a network layer router (and will therefore not "appear" on the Internet).

[3] http://www.bittorrent.org/beps/bep_0003.html

[4] http://www.maxmind.com/app/ip-location

[5] http://www.maxmind.com/app/city

[6] http://thomas.loc.gov/cgi-bin/cpquery/T?&report=hr314&dbname=110&

[7] http://arst.ch/oim

Respectfully submitted,

JOHN DOE IP 71.90.68.152

fatum.iustum@gmail.com

Dated: March 23, 2011

## Exhibit A

| | |
|---|---|
| 98.249.109.81 | TN |
| 24.189.143.163 | NY |
| 76.121.228.135 | WA |
| 24.245.52.222 | WI |
| 98.206.113.166 | IL |
| 66.169.140.107 | TX |
| 68.11.29.83 | LA |
| 72.1.138.67 | CA |
| 70.112.22.51 | TX |
| 98.237.210.71 | WA |
| 67.253.40.13 | ME |
| 74.74.238.245 | NY |
| 173.21.30.188 | IA |
| 98.231.142.145 | MD |
| 184.91.67.123 | FL |
| 72.223.100.150 | AZ |
| 71.179.32.202 | MD |
| 69.137.184.119 | AZ |
| 68.169.159.138 | TN |
| 74.196.248.20 | TX |
| 98.200.113.135 | TX |
| 98.217.0.240 | MA |
| 208.103.53.19 | IN |
| 71.234.6.46 | CT |
| 67.49.167.37 | HI |
| 68.81.84.136 | NJ |
| 74.107.82.128 | MD |
| 76.195.163.235 | CA |
| 204.210.240.128 | OH |
| 98.228.202.174 | IN |
| 68.227.114.116 | OK |
| 76.103.206.106 | CA |
| 173.72.19.251 | NJ |
| 99.17.35.107 | MO |
| 174.54.19.129 | PA |
| 71.178.17.142 | MD |
| 174.30.121.200 | IA |
| 76.22.53.221 | WA |
| 98.229.192.242 | MA |
| 173.174.49.130 | TX |
| 71.225.248.51 | PA |
| 98.247.248.146 | WA |
| 24.60.161.163 | MA |
| 71.188.100.85 | NJ |
| 24.131.146.153 | MN |
| 66.44.33.98 | DC |
| 67.49.137.34 | HI |
| 67.170.74.210 | WA |
| 96.240.62.94 | CA |
| 98.226.142.158 | IN |
| 24.186.217.196 | NY |
| 71.188.188.210 | IN |

1

| IP Address | State |
|---|---|
| 75.65.88.101 | TN |
| 74.104.164.66 | MA |
| 76.185.94.23 | TX |
| 98.169.42.201 | VA |
| 65.25.6.127 | OH |
| 174.146.229.221 | NJ |
| 70.178.211.79 | AR |
| 74.88.152.192 | CT |
| 68.81.29.159 | PA |
| 65.0.110.10 | MS |
| 66.91.219.94 | HI |
| 99.64.69.189 | TX |
| 67.186.0.42 | PA |
| 24.184.50.84 | NY |
| 64.77.243.91 | UT |
| 74.97.244.249 | IN |
| 71.63.197.128 | MN |
| 207.14.15.132 | RI |
| 71.232.184.25 | NH |
| 99.33.35.102 | TX |
| 24.8.254.200 | CO |
| 174.51.120.193 | CO |
| 99.64.68.90 | TX |
| 75.74.16.65 | FL |
| 98.254.193.201 | FL |
| 174.54.231.141 | PA |
| 69.14.114.38 | MI |
| 98.235.181.52 | PA |
| 76.104.225.51 | WA |
| 74.99.165.62 | PA |
| 65.31.195.214 | MO |
| 173.74.170.126 | TX |
| 96.255.98.237 | DC |
| 98.180.57.184 | FL |
| 63.246.173.196 | TX |
| 72.228.138.36 | NY |
| 168.122.152.59 | MA |
| 24.143.57.229 | KS |
| 24.181.217.255 | NC |
| 75.133.63.230 | MI |
| 98.197.229.94 | TX |
| 75.66.32.21 | TN |
| 75.111.164.183 | TX |
| 65.0.131.191 | MS |
| 75.141.204.166 | NV |
| 97.116.159.109 | MN |
| 74.77.99.175 | NY |
| 68.204.186.212 | FL |
| 67.188.106.167 | CA |
| 216.254.127.249 | NY |
| 72.213.187.35 | OK |
| 68.36.152.160 | NJ |
| 67.175.230.150 | IL |
| 24.184.237.163 | NY |
| 98.248.32.109 | CA |

| | |
|---|---|
| 96.28.103.64 | KY |
| 76.29.220.8 | IL |
| 67.169.39.119 | CA |
| 69.250.147.7 | DC |
| 67.190.86.74 | CO |
| 98.164.254.71 | CA |
| 68.108.29.89 | NV |
| 99.184.109.55 | OK |
| 65.96.153.115 | MA |
| 131.215.158.222 | CA |
| 76.7.205.161 | KS |
| 70.162.134.163 | AZ |
| 24.147.246.186 | MA |
| 68.59.54.5 | FL |
| 71.195.166.19 | CA |
| 71.197.176.170 | WA |
| 68.59.212.184 | TN |
| 70.173.116.153 | NV |
| 74.222.250.187 | KS |
| 24.9.182.237 | CO |
| 99.49.101.29 | MI |
| 76.114.20.242 | CA |
| 67.81.151.48 | NJ |
| 69.181.178.45 | CA |
| 76.120.234.63 | VA |
| 98.82.99.16 | FL |
| 75.134.163.235 | MI |
| 68.48.153.127 | DC |
| 98.248.39.233 | CA |
| 98.226.174.63 | IN |
| 99.182.204.244 | TX |
| 76.124.61.145 | PA |
| 66.41.224.106 | MN |
| 173.164.182.134 | CA |
| 68.48.130.212 | MD |
| 74.126.28.5 | MI |
| 174.55.152.14 | PA |
| 99.40.48.45 | CA |
| 67.175.232.188 | IL |
| 71.233.154.36 | CT |
| 66.55.209.21 | ME |
| 75.72.80.56 | MN |
| 24.13.69.254 | IL |
| 72.15.116.15 | GA |
| 97.112.130.129 | CO |
| 69.47.149.208 | IL |
| 24.147.10.181 | MA |
| 174.30.44.139 | OR |
| 24.56.6.90 | AZ |
| 71.233.191.251 | CT |
| 70.162.253.134 | AZ |
| 72.253.253.45 | HI |
| 98.184.91.29 | GA |
| 71.233.24.85 | MA |
| 24.155.60.156 | TX |

3

| | |
|---|---|
| 174.52.198.134 | UT |
| 71.12.206.64 | AL |
| 76.200.128.73 | CA |
| 75.60.196.112 | OH |
| 207.98.231.147 | TN |
| 174.30.240.165 | MN |
| 76.254.16.226 | CA |
| 98.247.142.165 | WA |
| 99.169.59.61 | MO |
| 24.9.3.227 | CO |
| 24.130.224.240 | CA |
| 128.84.24.176 | NY |
| 74.133.106.48 | IN |
| 68.117.88.49 | WI |
| 18.228.0.100 | MA |
| 68.106.4.123 | AZ |
| 68.10.86.249 | VA |
| 184.97.154.164 | MN |
| 75.65.113.51 | LA |
| 97.82.27.167 | AL |
| 97.87.7.69 | WI |
| 24.21.66.203 | WA |
| 24.22.100.131 | WA |
| 98.213.116.176 | IL |
| 98.208.32.35 | CA |
| 24.6.209.150 | CA |
| 71.211.90.90 | AZ |
| 68.6.73.77 | CA |
| 69.225.26.232 | CA |
| 108.112.173.33 | CA |
| 75.67.26.201 | MA |
| 24.126.51.142 | MD |
| 68.49.45.15 | VA |
| 76.122.15.247 | FL |
| 75.97.153.162 | PA |
| 24.91.160.13 | VT |
| 174.65.89.170 | CA |
| 72.11.54.215 | NC |
| 98.207.16.163 | CA |
| 76.235.171.112 | MI |
| 76.119.236.209 | MA |
| 71.234.111.150 | CT |
| 68.228.201.91 | AZ |
| 71.206.222.105 | PA |
| 71.225.116.16 | PA |
| 76.16.216.205 | IL |
| 68.105.123.15 | CA |
| 24.205.6.105 | CA |
| 68.97.62.1 | OK |
| 72.207.37.176 | CA |
| 76.249.226.71 | TX |
| 98.164.4.182 | KS |
| 69.214.8.12 | MI |
| 67.161.120.172 | WA |
| 174.140.121.56 | PA |

| IP Address | State |
|---|---|
| 98.250.59.49 | MI |
| 24.56.12.129 | AZ |
| 68.4.169.247 | CA |
| 72.216.13.59 | FL |
| 67.185.248.82 | WA |
| 72.194.214.141 | CA |
| 71.117.210.15 | OR |
| 68.58.3.108 | IN |
| 98.215.15.236 | IL |
| 68.225.169.175 | NE |
| 68.54.118.29 | IN |
| 68.80.158.133 | NJ |
| 68.195.129.176 | NY |
| 68.8.159.182 | CA |
| 76.29.56.116 | IL |
| 98.202.24.46 | UT |
| 98.244.226.226 | FL |
| 99.6.219.36 | WI |
| 76.254.10.39 | CA |
| 72.196.234.9 | VA |
| 69.244.102.94 | NJ |
| 75.73.247.221 | MN |
| 68.45.8.113 | NJ |
| 24.8.69.70 | CO |
| 99.97.183.132 | TX |
| 66.176.34.68 | FL |
| 98.194.66.223 | TX |
| 68.107.248.98 | LA |
| 75.68.114.39 | NH |
| 24.130.212.34 | CA |
| 70.164.205.226 | OK |
| 67.159.37.181 | IL |
| 75.72.218.52 | MN |
| 24.187.125.153 | NJ |
| 173.28.79.250 | IA |
| 76.103.33.243 | CA |
| 24.9.122.170 | CO |
| 68.189.246.234 | MA |
| 98.84.119.190 | SC |
| 98.168.139.14 | OK |
| 67.171.200.241 | OR |
| 173.81.143.105 | WV |
| 173.2.151.217 | NY |
| 24.254.120.174 | FL |
| 208.58.52.231 | PA |
| 184.8.213.154 | NY |
| 24.245.49.162 | WI |
| 68.96.162.207 | NV |
| 69.106.247.227 | CA |
| 99.54.10.6 | CA |
| 76.21.140.53 | VA |
| 71.202.164.8 | CA |
| 69.118.203.36 | NY |
| 72.200.215.159 | OK |
| 71.224.193.216 | PA |

| | |
|---|---|
| 69.124.52.132 | CT |
| 140.182.132.250 | IN |
| 75.163.235.178 | CO |
| 68.97.124.173 | OK |
| 71.94.75.211 | NV |
| 98.141.183.168 | PA |
| 24.233.37.75 | TX |
| 98.195.216.58 | TX |
| 24.126.179.214 | GA |
| 67.180.187.60 | CA |
| 67.189.14.249 | OR |
| 67.177.38.35 | UT |
| 70.174.22.143 | VA |
| 76.24.144.209 | MA |
| 76.105.188.82 | OR |
| 208.120.5.252 | NY |
| 72.198.32.77 | OK |
| 71.225.130.198 | NJ |
| 98.245.250.245 | CO |
| 69.181.82.61 | CA |
| 24.184.149.37 | NY |
| 204.96.167.105 | TX |
| 97.125.52.165 | OR |
| 68.123.225.119 | CA |
| 24.228.130.98 | NY |
| 68.183.231.19 | CA |
| 69.231.132.153 | CA |
| 98.243.169.147 | MI |
| 129.64.169.129 | MA |
| 24.18.217.212 | WA |
| 173.30.18.239 | IA |
| 208.127.45.78 | CA |
| 76.104.182.129 | WA |
| 98.163.100.87 | VA |
| 76.104.200.28 | WA |
| 68.62.253.111 | FL |
| 174.49.222.245 | PA |
| 67.170.81.149 | WA |
| 24.181.24.246 | GA |
| 76.19.99.139 | MA |
| 128.237.103.1 | PA |
| 70.160.225.119 | VA |
| 76.124.31.218 | PA |
| 72.152.75.2 | GA |
| 98.210.147.114 | CA |
| 98.165.5.1 | AZ |
| 98.210.221.149 | CA |
| 66.227.210.246 | MI |
| 99.174.172.87 | OH |
| 65.87.182.175 | NC |
| 24.159.148.84 | TN |
| 68.98.41.250 | AZ |
| 74.131.9.123 | KY |
| 70.178.90.169 | AR |
| 66.189.41.80 | MA |

| | |
|---|---|
| 75.42.217.104 | OH |
| 69.14.18.75 | MI |
| 69.238.116.37 | CA |
| 24.215.235.237 | NY |
| 207.237.163.189 | NY |
| 24.2.207.246 | MA |
| 68.49.206.65 | DC |
| 99.173.21.137 | CT |
| 70.181.184.211 | CA |
| 24.251.85.238 | AZ |
| 69.230.173.153 | CA |
| 72.219.191.33 | CA |
| 98.247.29.194 | WA |
| 24.245.108.55 | VA |
| 99.155.79.231 | OH |
| 99.6.251.5 | CA |
| 174.50.162.116 | CA |
| 72.24.84.22 | TX |
| 174.49.65.75 | GA |
| 76.110.12.151 | FL |
| 24.205.144.34 | CA |
| 71.205.50.12 | MI |
| 71.80.188.199 | CA |
| 68.104.114.233 | NV |
| 98.92.246.51 | GA |
| 208.84.69.127 | FL |
| 68.63.247.200 | KY |
| 71.232.116.74 | MA |
| 68.35.50.64 | NM |
| 68.197.239.158 | NJ |
| 68.36.146.119 | PA |
| 71.141.131.22 | CA |
| 74.196.64.3 | TX |
| 69.14.82.56 | MI |
| 69.125.146.163 | NJ |
| 67.188.144.86 | CA |
| 76.124.185.93 | PA |
| 98.233.98.107 | MD |
| 68.108.121.232 | NV |
| 99.34.88.17 | IL |
| 71.229.235.51 | CO |
| 76.21.33.41 | CA |
| 68.36.219.121 | NJ |
| 66.41.167.203 | MN |
| 174.56.150.252 | SC |
| 96.40.145.43 | CA |
| 66.92.128.247 | IL |
| 67.180.179.168 | CA |
| 98.243.4.25 | MI |
| 74.193.10.87 | TX |
| 75.95.250.204 | HI |
| 24.171.132.205 | CA |
| 68.101.223.125 | CA |
| 75.50.110.209 | CA |
| 24.1.228.77 | IL |

7

| IP Address | State | |
|---|---|---|
| 98.194.185.127 | TX | |
| 76.21.171.39 | VA | |
| 67.169.32.161 | CA | |
| 76.115.4.229 | OR | |
| 98.254.61.13 | FL | |
| 68.198.247.23 | NY | |
| 69.122.191.119 | NY | |
| 24.119.48.203 | ID | |
| 67.175.113.244 | IL | |
| 98.250.110.223 | MI | |
| 69.94.206.151 | GA | |
| 67.162.220.217 | MI | |
| 24.155.228.131 | TX | |
| 67.166.90.230 | WA | |
| 98.232.242.100 | OR | |
| 98.222.50.190 | IL | |
| 75.22.77.92 | CA | |
| 97.104.79.229 | FL | |
| 160.39.240.27 | NY | |
| 67.201.222.130 | WA | |
| 72.211.197.82 | CA | |
| 69.249.122.234 | PA | |
| 98.164.218.205 | CA | |
| 68.109.163.32 | AZ | |
| 68.191.162.22 | WI | |
| 75.139.135.93 | GA | |
| 98.197.73.72 | TX | |
| 64.121.97.159 | ZZ [1] | |
| 68.191.89.246 | LA | |
| 71.197.164.250 | WA | |
| 98.216.105.216 | MA | |
| 68.198.227.176 | NY | |
| 71.205.213.161 | MI | |
| 68.102.240.214 | KS | |
| 98.150.242.16 | HI | |
| 67.83.115.61 | NJ | |
| 68.6.135.122 | CA | |
| 96.19.170.227 | MS | |
| 68.234.198.61 | FL | |
| 76.211.235.25 | CA | |
| 69.116.83.72 | NJ | |
| 68.8.5.247 | CA | |
| 99.146.3.240 | CA | |
| 24.250.151.73 | FL | |
| 68.39.27.149 | PA | |
| 68.62.103.42 | MI | |
| 68.99.35.9 | GA | |
| 97.65.48.212 | AR | |
| 71.57.61.222 | IL | |
| 64.53.217.16 | IL | |
| 206.255.81.7 | AR | |
| 76.170.93.136 | CA | |
| 138.16.19.180 | RI | |
| 64.131.103.63 | IL | |
| 67.60.222.168 | ID | |

| IP Address | State |
|---|---|
| 98.228.183.5 | IL |
| 75.4.20.87 | CA |
| 75.151.193.85 | TN |
| 174.50.69.195 | NM |
| 174.30.65.10 | IA |
| 24.230.170.102 | SD |
| 68.38.194.22 | NJ |
| 99.145.161.189 | IL |
| 70.242.113.3 | TX |
| 65.60.240.49 | OH |
| 66.229.220.215 | FL |
| 199.1.132.14 | KY |
| 24.14.89.243 | IL |
| 24.171.3.61 | MO |
| 24.6.128.236 | CA |
| 69.142.164.142 | PA |
| 69.237.227.134 | CA |
| 98.223.70.123 | IN |
| 74.173.232.40 | FL |
| 69.181.68.57 | CA |
| 66.31.45.93 | MA |
| 97.84.1.191 | MI |
| 71.232.19.137 | MA |
| 144.118.156.174 | PA |
| 24.246.165.1 | NC |
| 98.250.124.78 | MI |
| 98.197.18.110 | TX |
| 24.34.244.206 | MA |
| 67.169.189.212 | CA |
| 24.254.247.148 | VA |
| 24.5.56.119 | CA |
| 66.216.202.13 | GA |
| 24.107.18.156 | MO |
| 76.201.126.97 | CA |
| 97.118.220.62 | CO |
| 24.131.118.5 | WV |
| 72.208.49.220 | AZ |
| 174.65.27.43 | CA |
| 76.26.62.73 | FL |
| 98.164.209.49 | CA |
| 97.95.152.183 | TN |
| 71.57.17.211 | IL |
| 68.228.153.136 | RI |
| 67.187.152.239 | CA |
| 76.171.244.113 | CA |
| 72.222.145.33 | AZ |
| 68.4.77.212 | CA |
| 98.206.76.78 | IN |
| 70.230.166.192 | MO |
| 74.89.236.157 | CT |
| 98.248.16.164 | CA |
| 69.140.31.144 | MD |
| 76.31.123.213 | TX |
| 68.50.216.7 | DC |
| 24.99.205.196 | GA |

| | |
|---|---|
| 76.30.62.42 | TX |
| 98.155.160.128 | HI |
| 75.167.219.153 | IA |
| 24.130.147.240 | CA |
| 173.21.37.31 | IA |
| 24.240.93.88 | WI |
| 98.207.155.180 | CA |
| 98.214.194.65 | IL |
| 65.50.111.228 | GA |
| 68.3.186.95 | AZ |
| 69.105.29.18 | CA |
| 68.4.245.12 | CA |
| 98.172.76.20 | AZ |
| 68.231.77.202 | AZ |
| 173.16.117.122 | NC |
| 66.215.189.36 | CA |
| 64.15.81.168 | MO |
| 66.91.31.210 | HI |
| 69.149.77.174 | TX |
| 97.81.102.132 | GA |
| 75.30.120.38 | CA |
| 66.58.216.30 | AK |
| 173.21.210.215 | MN |
| 98.243.172.126 | MI |
| 208.118.199.121 | TN |
| 24.34.242.66 | MA |
| 24.171.105.100 | AR |
| 71.232.130.221 | MA |
| 99.194.25.136 | NC |
| 98.148.4.248 | CA |
| 67.81.82.214 | NJ |
| 68.46.213.102 | IL |
| 216.127.52.111 | WA |
| 98.209.136.141 | MI |
| 24.62.27.189 | MA |
| 76.7.203.122 | KS |
| 96.18.248.110 | ID |
| 68.108.239.5 | LA |
| 97.121.173.75 | CO |
| 68.231.201.146 | CA |
| 67.161.220.134 | UT |
| 67.173.88.147 | IL |
| 71.192.240.200 | MA |
| 98.250.113.233 | MI |
| 70.137.133.240 | CA |
| 68.95.139.247 | TX |
| 68.196.239.49 | NJ |
| 75.172.8.88 | WA |
| 75.65.142.67 | LA |
| 68.60.35.70 | MI |
| 70.161.77.161 | VA |
| 98.216.225.152 | MA |
| 99.40.214.140 | IL |
| 76.18.211.174 | FL |
| 75.139.171.153 | WA |

| IP Address | State |
|---|---|
| 76.90.203.208 | CA |
| 174.52.169.186 | UT |
| 24.22.40.126 | OR |
| 68.61.1.229 | MI |
| 68.6.148.165 | CA |
| 72.174.128.133 | CO |
| 68.183.34.125 | CA |
| 76.22.88.169 | WA |
| 98.245.205.171 | CO |
| 24.7.117.201 | CA |
| 69.244.91.10 | MD |
| 74.129.245.184 | KY |
| 69.62.200.137 | CA |
| 68.33.79.66 | MD |
| 68.46.108.84 | NJ |
| 24.239.213.8 | OH |
| 66.241.101.23 | CO |
| 68.195.143.155 | NY |
| 75.23.232.182 | CA |
| 206.192.246.62 | OR |
| 24.111.41.130 | MN |
| 67.166.241.7 | GA |
| 174.27.94.155 | CA |
| 173.21.120.11 | FL |
| 174.20.217.99 | MN |
| 68.114.75.180 | VA |
| 69.110.29.197 | CA |
| 69.120.35.43 | CT |
| 99.170.55.228 | AR |
| 99.13.224.95 | CA |
| 76.18.98.84 | AL |
| 98.127.135.71 | CO |
| 70.180.111.57 | LA |
| 76.226.0.173 | MI |
| 75.60.199.238 | OH |
| 24.125.58.174 | VA |
| 70.121.154.105 | FL |
| 75.51.145.100 | CA |
| 99.35.223.193 | CA |
| 75.129.63.188 | WI |
| 68.80.218.76 | NJ |
| 24.205.102.166 | NV |
| 71.117.205.90 | OR |
| 76.23.98.13 | SC |
| 67.185.43.78 | WA |
| 98.210.67.68 | CA |
| 72.24.191.118 | WA |
| 173.21.29.138 | IA |
| 98.225.44.29 | WA |
| 71.194.11.70 | IL |
| 71.9.97.141 | NV |
| 99.121.56.220 | CA |
| 68.193.75.157 | NJ |
| 70.166.127.116 | AZ |
| 67.189.200.228 | NY |

11

| | |
|---|---|
| 72.219.184.122 | CA |
| 71.230.94.196 | PA |
| 216.26.97.59 | WI |
| 71.62.75.233 | VA |
| 70.176.64.4 | AZ |
| 76.24.29.55 | MA |
| 98.248.40.40 | CA |
| 75.72.203.223 | MN |
| 68.224.11.153 | NV |
| 76.102.196.131 | CA |
| 97.112.99.55 | MN |
| 98.204.106.90 | MD |
| 69.118.121.176 | NY |
| 69.154.246.254 | TX |
| 99.130.65.208 | MI |
| 71.233.71.115 | MA |
| 99.89.163.86 | TX |
| 98.197.117.112 | TX |
| 69.148.169.51 | TX |
| 97.112.106.85 | MN |
| 98.248.27.144 | CA |
| 24.254.243.239 | VA |
| 99.159.45.240 | CA |
| 128.36.47.217 | CT |
| 24.155.252.251 | TX |
| 99.120.172.221 | TX |
| 208.103.73.124 | CT |
| 24.15.229.89 | IL |
| 68.106.135.97 | FL |
| 99.72.138.153 | TX |
| 70.244.82.88 | TX |
| 67.183.16.27 | WA |
| 24.180.17.95 | CA |
| 75.118.45.137 | OH |
| 76.126.231.118 | CA |
| 98.233.4.149 | DC |
| 173.45.198.159 | TX |
| 76.171.169.19 | CA |
| 68.103.74.102 | KS |
| 76.120.71.184 | CO |
| 24.155.46.198 | TX |
| 24.156.67.80 | MO |
| 24.127.153.64 | PA |
| 70.170.82.11 | NV |
| 68.108.106.172 | NV |
| 98.207.54.18 | CA |
| 74.195.236.156 | OK |
| 76.102.134.162 | CA |
| 184.97.177.183 | MN |
| 76.16.142.131 | IL |
| 108.125.50.60 | TX |
| 67.181.132.178 | CA |
| 67.180.192.52 | CA |
| 72.222.129.164 | AZ |
| 24.21.168.156 | OR |

| | |
|---|---|
| 68.96.111.162 | NV |
| 98.226.5.48 | IL |
| 72.28.254.192 | MD |
| 24.229.111.61 | PA |
| 67.163.55.113 | IL |
| 67.187.191.8 | CA |
| 68.226.107.88 | AZ |
| 99.41.1.102 | CA |
| 71.38.3.184 | CO |
| 24.4.68.169 | CA |
| 173.2.205.53 | NY |
| 71.90.29.156 | WI |
| 24.148.59.20 | IL |
| 174.31.149.100 | WA |
| 71.202.228.83 | CA |
| 75.4.215.212 | CA |
| 129.21.137.6 | NY |
| 76.170.147.10 | CA |
| 24.159.150.148 | TN |
| 70.180.207.187 | NV |
| 75.162.252.94 | UT |
| 67.61.57.219 | NM |
| 69.4.152.5 | CA |
| 68.186.187.35 | AL |
| 72.42.157.27 | AK |
| 174.48.59.191 | FL |
| 173.19.227.13 | IA |
| 24.6.97.121 | CA |
| 75.162.253.36 | UT |
| 76.249.233.116 | TX |
| 216.175.97.87 | CA |
| 68.202.50.220 | FL |
| 76.99.49.224 | PA |
| 76.195.158.237 | CA |
| 24.8.117.23 | CO |
| 76.25.173.113 | CO |
| 76.94.255.57 | CA |
| 24.130.29.133 | CA |
| 71.59.160.24 | WA |
| 64.53.233.4 | IL |
| 71.200.169.182 | DE |
| 66.215.242.97 | CA |
| 67.86.149.32 | CT |
| 67.212.242.102 | TN |
| 71.231.81.205 | WA |
| 68.96.51.177 | AZ |
| 98.196.172.223 | TX |
| 65.37.59.253 | NY |
| 74.136.166.243 | KY |
| 76.99.21.246 | PA |
| 74.244.93.31 | GA |
| 68.123.238.46 | CA |
| 76.102.252.147 | CA |
| 71.201.169.72 | IL |
| 68.190.237.221 | MO |

| | | |
|---|---|---|
| 68.33.80.230 | DC | |
| 24.112.4.60 | OK | |
| 72.28.50.249 | PA | |
| 75.136.43.226 | TN | |
| 24.216.217.146 | MO | |
| 96.18.251.154 | ID | |
| 70.244.80.58 | TX | |
| 76.31.18.168 | TX | |
| 97.90.138.176 | CA | |
| 68.127.241.86 | CA | |
| 24.20.231.80 | OR | |
| 98.218.78.197 | DC | |
| 98.208.26.6 | CA | |
| 184.97.163.28 | MN | |
| 68.127.37.193 | CA | |
| 67.186.21.238 | WV | |
| 98.229.29.104 | MA | |
| 173.23.241.56 | IA | |
| 74.132.91.143 | KY | |
| 76.170.197.36 | CA | |
| 24.251.218.10 | AZ | |
| 71.192.242.189 | MA | |
| 67.164.165.31 | CO | |
| 24.32.48.153 | OK | |
| 146.115.164.44 | ZZ [2] | |
| 68.230.222.162 | VA | |
| 70.160.230.22 | VA | |
| 66.78.128.146 | TN | |
| 98.235.181.247 | PA | |
| 174.24.198.4 | WA | |
| 174.28.92.130 | NM | |
| 74.132.222.62 | KY | |
| 173.216.32.201 | AR | |
| 99.51.94.148 | OH | |
| 184.77.154.129 | PA | |
| 97.125.46.21 | OR | |
| 65.127.142.5 | NM | |
| 98.199.207.192 | TX | |
| 76.214.6.133 | CA | |
| 76.194.238.64 | CA | |
| 67.183.208.132 | WA | |
| 68.101.70.158 | FL | |
| 74.126.28.221 | MI | |
| 69.138.47.241 | TN | |
| 69.253.194.174 | PA | |
| 99.178.171.182 | NC | |
| 76.73.201.251 | AL | |
| 68.34.78.103 | MD | |
| 71.90.68.152 | WI | |
| 76.218.214.50 | CA | |
| 71.14.121.200 | NC | |
| 97.101.100.187 | FL | |
| 67.185.157.25 | WA | |
| 24.13.34.16 | IL | |
| 69.118.138.192 | NY | |

14

| IP Address | State |
|---|---|
| 68.2.255.226 | AZ |
| 216.131.69.141 | CA |
| 76.255.73.103 | TX |
| 71.236.214.101 | OR |
| 76.102.213.210 | CA |
| 207.237.203.212 | NJ |
| 24.98.109.240 | GA |
| 71.196.237.39 | CO |
| 209.6.70.91 | MA |
| 65.96.72.11 | CT |
| 76.235.73.157 | IL |
| 98.210.56.44 | CA |
| 24.116.85.163 | ND |
| 66.176.75.216 | FL |
| 68.5.76.182 | CA |
| 184.100.38.163 | OR |
| 98.212.48.153 | IL |
| 98.160.125.96 | OK |
| 24.34.108.103 | MA |
| 68.37.134.233 | NJ |
| 24.105.207.230 | NY |
| 98.223.149.156 | IL |
| 70.6.12.228 | CA |
| 76.20.12.71 | CA |
| 98.246.152.38 | OR |
| 96.8.146.180 | TX |
| 67.85.166.205 | NJ |
| 69.151.253.229 | TX |
| 67.168.157.54 | WA |
| 67.171.218.177 | OR |
| 68.11.26.28 | LA |
| 69.250.98.166 | MD |
| 174.54.239.116 | PA |
| 76.17.134.24 | MN |
| 207.237.0.131 | NY |
| 98.214.164.241 | IL |
| 67.162.118.48 | IL |
| 66.142.234.71 | MO |
| 98.214.221.225 | IL |
| 68.126.2.208 | CA |
| 67.169.50.14 | CA |
| 66.223.220.120 | AK |
| 76.168.82.125 | CA |
| 24.5.140.105 | CA |
| 67.131.62.27 | KY |
| 24.18.46.91 | WA |
| 98.194.226.156 | TX |
| 69.92.128.251 | ZZ [3] |
| 98.255.6.106 | CA |
| 173.28.98.13 | IL |
| 68.105.98.208 | CA |
| 98.163.217.24 | LA |
| 69.211.1.249 | IL |
| 24.253.47.129 | NV |
| 68.194.65.111 | NY |

| IP Address | State |
|---|---|
| 24.148.44.210 | IL |
| 24.130.107.209 | CA |
| 99.50.81.136 | CA |
| 67.180.208.171 | CA |
| 75.49.19.49 | OH |
| 69.225.221.190 | CA |
| 70.44.114.219 | NJ |
| 24.6.157.97 | CA |
| 98.213.39.186 | IL |
| 75.49.16.204 | OH |
| 99.40.203.90 | OH |
| 64.53.209.202 | IL |
| 67.175.167.29 | IL |
| 71.32.86.19 | WA |
| 98.248.105.95 | CA |
| 68.48.109.252 | MD |
| 99.25.117.64 | CA |
| 76.124.228.177 | PA |
| 72.209.214.234 | VA |
| 67.168.215.172 | WA |
| 98.223.65.250 | IN |
| 98.180.207.197 | AR |
| 70.228.65.2 | OH |
| 68.224.77.188 | NV |
| 199.165.99.5 | AK |
| 69.110.65.35 | CA |
| 70.249.149.215 | TX |
| 24.14.180.186 | IL |
| 24.207.252.192 | MO |
| 24.30.29.151 | GA |
| 24.6.40.238 | CA |
| 98.246.21.196 | OR |
| 67.42.92.241 | WA |
| 68.6.191.10 | CA |
| 67.177.212.51 | CO |
| 75.135.215.125 | NE |
| 75.142.221.75 | CA |
| 76.24.125.38 | MA |
| 24.5.198.149 | CA |
| 24.8.158.205 | CO |
| 98.200.110.108 | TX |
| 173.31.219.244 | MN |
| 68.196.109.245 | NJ |
| 67.164.5.46 | CA |
| 70.161.177.1 | VA |
| 67.168.123.77 | WA |
| 69.108.155.69 | CA |
| 64.175.33.157 | CA |
| 75.93.137.243 | GA |
| 69.142.204.40 | NJ |
| 71.202.164.132 | CA |
| 76.104.227.99 | WA |
| 76.111.239.45 | FL |
| 68.44.242.219 | NJ |
| 67.180.84.17 | CA |

16

| | | |
|---|---|---|
| 184.60.12.53 | WI | |
| 71.198.111.27 | CA | |
| 76.76.70.190 | CO | |
| 98.220.158.242 | IN | |
| 67.215.4.139 | WA | |
| 75.92.158.3 | OR | |
| 99.162.241.180 | NV | |
| 173.3.110.41 | NJ | |
| 64.27.23.27 | CA | |
| 75.109.43.50 | WV | |
| 75.4.209.94 | CA | |
| 69.117.36.212 | NY | |
| 129.22.63.211 | OH | |
| 173.45.198.221 | TX | |
| 24.143.66.192 | WA | |
| 76.113.159.64 | MN | |
| 99.53.247.73 | CA | |
| 24.253.120.135 | NV | |
| 24.228.129.241 | NY | |
| 74.140.42.251 | KY | |
| 69.136.166.53 | IN | |
| 98.215.21.100 | IL | |
| 98.150.128.186 | HI | |
| 108.73.85.90 | ZZ [4] | |
| 68.7.196.143 | CA | |
| 97.102.28.192 | FL | |
| 24.117.201.76 | AZ | |
| 75.162.239.141 | UT | |
| 98.213.8.76 | IL | |
| 98.165.133.186 | AZ | |
| 68.226.104.238 | AZ | |
| 96.28.56.233 | IN | |
| 75.57.150.165 | IL | |
| 98.247.31.114 | WA | |
| 98.158.124.34 | NY | |
| 69.114.224.128 | NY | |
| 75.11.154.167 | IL | |
| 98.195.147.134 | TX | |
| 71.32.87.212 | WA | |
| 66.176.72.161 | FL | |
| 98.219.186.32 | PA | |
| 69.244.235.190 | VA | |
| 71.225.221.47 | PA | |
| 98.212.135.47 | IL | |
| 24.19.40.224 | WA | |
| 68.230.48.157 | AZ | |
| 99.162.251.80 | NV | |
| 67.177.20.26 | UT | |
| 70.228.77.253 | OH | |
| 24.46.242.69 | NY | |
| 24.149.82.242 | VA | |
| 67.169.240.167 | UT | |
| 98.199.161.229 | TX | |
| 98.207.40.131 | CA | |
| 97.127.31.221 | MN | |

17

| IP Address | State |
|---|---|
| 99.119.165.52 | TX |
| 98.238.243.21 | CA |
| 174.65.128.138 | CA |
| 67.8.21.71 | FL |
| 68.42.160.236 | MI |
| 69.247.70.250 | NM |
| 74.192.45.207 | TX |
| 69.246.226.228 | IN |
| 99.35.222.121 | CA |
| 205.237.167.31 | IA |
| 98.215.92.151 | IL |
| 98.148.114.95 | CA |
| 68.43.190.148 | MI |
| 173.240.37.222 | UT |
| 68.11.118.74 | LA |
| 98.240.182.2 | MN |
| 76.87.67.178 | CA |
| 99.35.216.3 | CA |
| 74.128.203.76 | KY |
| 216.80.14.208 | IL |
| 24.218.19.113 | MA |
| 98.213.183.234 | IL |
| 67.173.150.21 | IL |
| 76.126.24.125 | CA |
| 72.207.36.147 | CA |
| 173.11.75.187 | CA |
| 24.4.156.220 | CA |
| 76.26.198.54 | SC |
| 70.95.166.95 | HI |
| 174.60.89.36 | PA |
| 24.4.163.0 | CA |
| 71.59.238.3 | WA |
| 69.208.11.101 | OH |
| 98.198.72.137 | TX |
| 68.101.218.38 | CA |
| 24.21.102.183 | OR |
| 216.131.123.35 | CA |
| 76.21.89.113 | CA |
| 71.229.211.173 | CO |
| 76.90.101.86 | CA |
| 96.32.190.239 | GA |
| 98.180.51.137 | FL |
| 71.59.250.46 | OR |
| 152.23.102.11 | NC |
| 24.171.104.14 | AR |
| 72.42.160.176 | AK |
| 72.211.206.134 | CA |
| 98.183.151.157 | VA |
| 67.189.52.202 | OR |
| 67.159.28.69 | IL |
| 74.83.16.150 | OH |
| 24.20.227.19 | OR |
| 66.214.152.42 | CA |
| 24.118.48.206 | MN |
| 65.78.179.43 | CA |

```
| 76.214.23.116    |    CA    |
| 98.232.63.192    |    WA    |
| 75.4.17.60       |    CA    |
| 67.170.163.228   |    OR    |
| 98.234.128.53    |    CA    |
| 76.105.4.192     |    CA    |
| 98.168.172.197   |    OK    |
| 209.6.194.39     |    MA    |
| 75.145.207.253   |    VA    |
| 98.227.199.170   |    IL    |
| 68.63.41.154     |    FL    |
| 71.200.31.139    |    DE    |
| 174.31.158.168   |    WA    |
```

[1]  (ARIN inconclusive; DNS suggests PA; adjacent hop inference corroborates)
[2]  (ARIN inconclusive; DNS suggests MA; adjacent hop inference corroborates)
[3]  (ARIN/DNS inconclusive; adjacent hop inference suggests TX)
[4]  (ARIN/DNS inconclusive; adjacent hop inference suggests TX)

SUMMARY STATISTICS

AK: 5
AL: 5
AR: 9
AZ: 29
CA: 197
CO: 27
CT: 13
DC: 9
DE: 2
FL: 37
GA: 20
HI: 10
IA: 11
ID: 4
IL: 60
IN: 17
KS: 7
KY: 11
LA: 10
MA: 37
MD: 15
ME: 2
MI: 30
MN: 24
MO: 12
MS: 3
NC: 9
ND: 1
NE: 2
NH: 2
NJ: 30
NM: 6
NV: 19

19

```
NY: 37
OH: 19
OK: 14
OR: 25
PA: 39
RI: 3
SC: 4
SD: 1
TN: 15
TX: 61
UT: 12
VA: 25
VT: 1
WA: 49
WI: 12
WV: 4
UNCLASSIFIED: 4
```

# Exhibit B

**In the Northern District:**

1:10-cv-05603 Millenium TGA, Inc. v. Does 1-100, 800 defendants (Hawaii corporation)

1:10-cv-05604 Lightspeed Media Corporation v. Does 1-100, 1000 defendants (Arizona corporation)

1:10-cv-05606 Hard Drive Productions, Inc. v. Does 1-1000, 1000 defendants (Arizona corporation)

1:10-cv-06254 First Time Videos LLC v. Does 1-500, 500 defendants (Arizona corporation)

1:10-cv-06255 CP Productions, Inc. v. Does 1-300, 300 defendants (Arizona corporation)

1:10-cv-06256 Future Blue, Inc. v. Does 1 - 300, 300 defendants (California corporation)

1:10-cv-06677 MGCIP, LLC v. Does 1-316, 316 defendants (Minnesota corporation)

1:10-cv-07675 MCGIP, LLC v. Does 1-1,164, 1,164 defendants (Minnesota corporation)

3:11-cv-50062 MCGIP, LLC v. DOES 1-17, 17 defendants (Minnesota corporation)


**In the Southern District:**

3:11-cv-00092-GPM -SCW Openmind Solutions, Inc. v. Does 1-2925 (California corporation)


**In the Central District:**

2:11-cv-02068-HAB -DGB VPR Internationale v Does 1-1017 (Montreal, Quebec corporation)


For a grand total of 9,339 defendants.

# Exhibit C

216293_taylorlittlepov.avi

Capri

Jordan Capri

jordan capri complete collection

jordan capri complete collection 1

jordan capri complete collection a

Jordan Capri honeymoon sex tape

Jordan Capri honeymoon sex tape (2)

Tawnee Hardcore.wmv

Tawnee Vids

Taylor_Little.avi

1

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CP PRODUCTIONS, INC.,      )
                             )
          Plaintiff,     )
                             )
     v.                 )    No.  10 C 6255
                             )
DOES 1-300,             )
                             )
         Defendants.    )

<u>MEMORANDUM OPINION AND ORDER</u>

This Court's February 7, 2011 memorandum order ("Order"),
issued sua sponte, began by stating:

> As the caption of this action suggests, it is an
> understatement to characterize it as problematic in
> nature.

Because more than one aspect of the Complaint, as the Order went
on to say, "plainly has the potential to perpetrate the type of
abuse identified in the most recent motion to quash and, indeed,
the motion to quash filed earlier by a Tennessee lawyer who lists
herself as 'Attorney for Doe 300,'" this Court complied with the
mandate of Fed. R. Civ. P. ("Rule") 4(m) by dismissing the action
without prejudice against all 300 putative defendants.

Counsel for plaintiff CP Productions, Inc. ("CP") promptly
countered with a motion seeking reconsideration of the dismissal
order.[1]  This Court reviewed counsel's contentions and continued

---

    [1]  Counsel's filing of that motion on the very next day
after the Order was entered suggests that counsel was well aware
of the action's problematic nature and had already marshaled
arguments intended to meet the obvious problems that it appeared
to present.

the motion to April 14 to see what developments might cast
further light on the matter.

Now a new motion to quash, filed by another of the "Doe"
defendants (obviously a lawyer or well acquainted with legal
principles), has provided chapter and verse to demonstrate why
this Court was correct the first time around.  It is unnecessary
to set out all the reasons that dismissal of this action is the
proper course--a few of the principal difficulties will suffice.

Among other things, the newest motion demonstrates that
there is no justification for dragging into an Illinois federal
court, on a wholesale basis, a host of unnamed defendants over
whom personal jurisdiction clearly does not exist and--more
importantly--as to whom CP's counsel could readily have
ascertained that fact.  Moreover, if the 300 unnamed defendants
have in fact infringed any CP copyrights (something that this
Court will assume to be the case, given the Complaint's
allegations that so state), each of those infringements was
separate and apart from the others.  No predicate has been shown
for thus combining 300 separate actions on the cheap--if CP had
sued the 300 claimed infringers separately for their discrete
infringements, the filing fees alone would have aggregated
$105,000 rather than $350.[2]

_____

[2]  It would constitute a real stretch of the normal meaning
of language for CP to call Rule 20(a)(2)(A) into play as the
asserted predicate for lumping its separate asserted claims into

2

As if those things were not enough to call for dismissal (and they are), CP's placement of venue in this judicial district is more than suspect. CP itself is an Arizona-based Arizona corporation, and Complaint ¶7 is totally (and unpersuasively) speculative in its assertions as to venue regarding the "Doe" defendants (see 28 U.S.C. §1391(b)).

As indicated earlier, there is more, but this Court sees no need "[t]o gild refined gold, to paint the lily."[3] This Court denies CP's motion for reconsideration, vacates the April 14 status hearing date and orders the subpoena issued to the Internet Service Provider ("Provider") to be quashed. In addition, CP is ordered to direct the Provider to notify (at CP's expense) all those to whom the Provider has previously given notice of CP's subpoena issued to the Provider of (1) the fact of this dismissal and (2) the fact that the Provider will take no further action in connection with the now-quashed subpoena, so that those persons are free to ignore the matter.[4]

_____
Milton I. Shadur
Senior United States District Judge
Date:    February 24, 2011

_____

a single lawsuit.

    [3]  William Shakespeare, King John act 4, sc. 2, line 11.

    [4]  This order is without prejudice to CP's possible pursuit of its copyright infringement claims on an individual basis.

3