# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 10 C 5604 | DATE | March 31, 2011 |
| CASE TITLE | *Lightspeed v. Does 1-1000* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Mr. Rogers' motion for improper joinder is granted and all other Doe defendants are severed from the case without prejudice to the plaintiff filing suit against them individually in the proper forum. The plaintiff shall immediately proceed with the notification procedures to all of the severed Doe defendants as detailed in this order. With respect to Mr. Rogers' motion to dismiss for lack of personal jurisdiction, the motion is denied without prejudice. The plaintiff has until April 11, 2011, to either amend the complaint to name Mr. Rogers as a defendant or dismiss the case in its entirety.

■[ For further details see text below.]

00:00

## STATEMENT

The plaintiff, Lightspeed Media Corporation, brought suit alleging that John Does 1-1,000 infringed its copyright by illegally reproducing and distributing over the Internet the plaintiff's creative works. The amended complaint alleges that the defendants downloaded the works using BitTorrent protocol under which users distribute data directly to one another rather than obtaining the files from a central server. The actual names of the defendants were unknown to the plaintiff; instead, the only means of identifying the defendants was through an Internet Protocol ("IP") address, which is a unique number assigned to a computer. On September 15, 2010, this court granted the plaintiff leave to subpoena certain Internet service providers ("ISP") to obtain the identity of the persons associated with the allegedly offending IP addresses identified in the First Amended Complaint.

One of the individuals apparently identified by an ISP as owning one of the allegedly offending IP addresses is Beau Rogers. Mr. Rogers filed a motion to quash the subpoena, a motion to dismiss the complaint based on a lack of personal jurisdiction and a motion for severance based on impermissive joinder [Dkt. ## 32, 33]. Mr. Rogers also filed a motion for a protective order asking that he be allowed to conceal his identity from the plaintiff. On February 4, 2011, the court denied Mr. Rogers' motion to quash without prejudice pending a ruling on the motions to dismiss for lack of personal jurisdiction and for severance based on impermissible joinder. In that same order, the court denied the motion for a protective order because Mr. Rogers had already disclosed his name and address to the plaintiff in his filings with the court, and because Mr. Rogers had not demonstrated that he was entitled to conceal his identity under Seventh Circuit precedent.

The plaintiff filed its opposition to Mr. Rogers' motions to dismiss and for severance on February 24, 2011. The defendant did not file a reply, though he was given the opportunity to do so; accordingly, the court will rule without the benefit of a reply.

**STATEMENT**

The court will first address Mr. Rogers' motion for joinder. Under Rule 20, persons may be joined in one action as defendants if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Further, Fed. R. Civ. P. 21 provides that "[m]isjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."

Mr. Rogers notes that in other similar types of copyright cases, some courts have ordered that the defendants be severed, and asks that the same be done here. For example, Mr. Rogers cites to *LaFace Records, LLC v. Does 1-38*, No. No. 5:07-CV-298-BR, 2008 WL 544992 (E.D.N.C. Feb. 27, 2008), in which the court granted a motion to sever under facts similar to those existing in this case, stating:

> The moving defendants argue that plaintiffs have failed to show that the copyright infringement claims against them arise out of the same transaction, occurrence, or series of transactions or occurrences. (Defs.' Mem. at 12-16). The court agrees. Plaintiffs argue that the claims asserted against the various defendants arise out of the same series of transactions because each defendant used the same ISP as well as some of the same P2P networks "to commit the exact same violation of the law in exactly the same way." (Plfs.' Resp. at 22). However, merely committing the same type of violation in the same way does not link defendants together for purposes of joinder.
>
> In similar cases, other courts have commonly held that where there is no assertion that multiple defendants have acted in concert, joinder is improper. *See BMG Music v. Does 1-4*, No. 3:06-cv-01579-MHP, 2006 U.S. Dist. LEXIS 53237, at *5-6 (N.D. Cal. July 31, 2006) (sua sponte severing multiple defendants in action where only connection between them was allegation they used same ISP to conduct copyright infringement); *Interscope Records v. Does 1-25*, No. 6:04-cv-197-Orl-22DAB, 2004 U.S. Dist. LEXIS 27782, at *19 (M.D. Fla. Apr. 1, 2004) (magistrate judge recommended sua sponte severance of multiple defendants in action where only connection between them was allegation they used same ISP and P2P network to conduct copyright infringement). Accordingly, this court finds that defendants' use of the same ISP and P2P networks to allegedly commit copyright infringement is, without more, insufficient for permissive joinder under Rule 20. This court will sever not only the moving defendants from this action, but all other Doe defendants except Doe 2. *See BMG Music v. Does 1-203*, No. 04-650, 2004 U.S. Dist. LEXIS 8457, at *2, *4, 2004 WL 953888 (E.D. Pa. Apr. 2, 2004) (upon motion for reconsideration, court upheld its sua sponte order of severance of all but one Doe defendant).

*Id*. at *2.

In response, the plaintiff argues that this case is distinguishable because BitTorrent involves more than "'merely committing the exact same violation in the same way' or using the same ISP as was alleged in those cases." Plaintiff's Opposition, Dkt. #45 at 13. But this statement ignores that the BitTorrent protocol is a peer-to-peer file sharing system, which was at issue in the *LaFace Records* case.[1] Thus, the court finds the plaintiff's attempt to distinguish its case from the others cited above unpersuasive and that Rule 20(a)(2)(A) has not been satisfied. The court is equally unmoved by the plaintiff's assertion that joinder at this stage serves the interests of judicial economy. According to the plaintiff, if joinder is not allowed, it would be

**STATEMENT**

required to file 1,000 different cases in which the judges might issue inconsistent rulings. But this issue goes to the plaintiff's interests, not the court's. The plaintiff states that, after discovery is complete, "Lightspeed may ultimately dismiss the entire case and file suits against individual Defendants in other jurisdictions." Plaintiff's Memorandum in Opposition, Dkt. #45. In the meantime, given the number of "potential" defendants (*i.e.*, Does 1-1000), this court could be faced with hundreds of factually unique motions to dismiss, quash or sever from potential defendants located all over the country. Indeed, one other motion is pending in this case and in another similar case before this court, *Millenium TGA Inc. v. Does 1-100* (10 C 5603), numerous motions to quash based on a lack of personal jurisdiction are being filed as this order is being written.

The court's decision to order severance is reinforced by its concerns regarding the plaintiff's choice of venue. The plaintiff's complaint points to no facts indicating why venue is appropriate in the Northen District of Illinois. The plaintiff is an Arizona corporation with its principal place of business in Arizona. As far as the plaintiff knows, none of the defendants are located in Illinois and it has provided no good-faith basis for its allegation that "on information and belief each Defendant may be found in this district and/or a substantial part of the acts of infringement complained of herein occurred in this District." Amended Comp. at ¶7. Indeed, at least one defendant, Mr. Rogers, is not found in this district and it appears that easily accessible tools exist to verify the locations of the IP addresses of the other named Doe defendants, *see, e.g.*, http://whois.arin.net/ui/, many (if not all) of which are not located in Illinois.

For these reasons, Mr. Rogers' motion for improper joinder is granted. All other Doe defendants are severed from this case without prejudice to the plaintiff filing suit against them individually. The plaintiff shall, within 7 days of the date of this order, notify the internet service providers that have been subpoenaed that the subpoena is sua sponte quashed, to cease and desist all efforts to identify the users of the relevant IP addresses, and to have the internet service providers immediately notify anyone to whom they have previously given notice of the subpoena of this dismissal order. Moreover, as to all of the IP addresses for which the plaintiff has received identifying information, the plaintiff shall, within 7 days of the date of entry of this order, send via U.S. Mail the instant order to those users along with a letter notifying them that they are no longer named as potential defendants in the instant litigation.

With respect to Mr. Rogers' motion to dismiss for lack of personal jurisdiction, the plaintiff contends that the motion is premature because Mr. Rogers has not actually been named as a defendant in this case. The plaintiff has until April 11, 2011, to either amend the complaint to name Mr. Rogers as a defendant or dismiss the case in its entirety. In the event that the plaintiff amends the complaint to name Mr. Rogers as a defendant, Mr. Rogers may renew his motion to dismiss for lack of personal jurisdiction.

RH/p

---

1. "Bit Torrent is a popular P2P [peer-to-peer] file sharing system. The BitTorrent network relies on Internet search engines that index files through metadata called torrents. Bit Torrent client software allows files to be downloaded and uploaded on P2P networks using a high-performance network protocol."
http://compnetworking.about.com/od/bittorrent/BitTorrent_Bit_Torrent_P2P_Network.htm (visited March 23, 2011).